# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE DIXON,** | : | No. 3:17-CV-1827 |
| Plaintiff | : | |
| | : | Judge Mariani |
| v. | : | Magistrate Judge Schwab |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN E. WETZEL, ROBERT SMITH, W FRANTZ, WENDY NICHOLAS, GARY LOWE, MR. MINNIG, MR. SCHAEFFER, ITW FOOD EQUIPMENT GROUP, LLC, MS. ANTHONY, TAMMY RISHEL, MS. YOUNG, LESLIE BLAIR-MORRISON, CYNTHIA FREELAND, CORRECT CARE SOLUTIONS, LLC,** *and* **CHRISTOPHER OPPMAN** | : : : : : : : : : : : | Electronically Filed Document  *Complaint Filed 10/05/17* |
| Defendants | : | |

## STATEMENT OF MATERIAL FACTS

Defendants, by and through their undersigned counsel, pursuant to Local Rule 56.1, hereby submit the within Statement of Material Facts in support of their Motion for Summary Judgment with respect to the issue of Exhaustion of Administrative Remedies:

1. The Department of Corrections has established a formal policy and procedures manual to allow inmates to bring concerns and complaints to the attention of prison officials. *Varner[1], ¶5.*

2. The inmate grievance policy and procedures are set forth in DC-ADM 804. *Varner, ¶8.*

3. An outline of the grievance system policy and procedures manual is provided to all inmates in their inmate handbook when coming into one of the Department of Corrections Diagnostic and Classification Centers. *Varner, ¶7.*

4. A copy of the DC-ADM 804 is available in the law library at all Department of Corrections Institutions. *Varner, ¶7.*

5. DC-ADM 804 sets forth a three-tiered grievance system which serves as an inmate's administrative remedy: (1) an initial review by a Grievance Coordinator; (2) appeal to the Facility Manager or designee; and (3) appeal to the Secretary's Office of Inmate Grievanes and Appeals (SOIGA) for final review. *Varner, ¶10.*

6. Pursuant to DC-ADM 804 any inmate personally affected by a Department or Institutional action or policy, or by the action of a Department employee may file a grievance. *Varner, ¶12.*

---

[1] "*Varner*" refers to the Declaration of Dorina Varner, Chief Grievance Officer in the Department of Corrections' Secretary's Office of Inmate Grievances and Appeals, attached hereto as *Exhibit A*.

7. The grievance must be submitted in writing to the Facility Grievance Coordinator, using the grievance form which is available on all housing units or blocks. It must be submitted within 15 working days after the event upon which the grievance is based. *Varner, ¶13.*

8. The grievance must include a statement of the facts relevant to the claim including the date and approximate time and location of the event(s) giving rise to the grievance; the identity of any individuals who were directly involved in the event(s); any claims the inmate wishes to make concerning violations of DOC directives, regulations, court orders, or other law; and any compensation or legal relief desired. *Varner, ¶14.*

9. Once received, the Facility Grievance Coordinator will assign a tracking number to the grievance. *Varner, ¶15.*

10. Properly submitted grievances are then referred to a staff member for response. *Varner, ¶16.*

11. If an inmate is dissatisfied with the response, he may then file an appeal to the Facility Manager. *Varner, ¶17.*

12. The Facility Manager provides a written response to the inmate which may uphold the response, uphold the inmate, dismiss/dismiss untimely, or uphold in part/deny in part. The Facility Manager may also remand the grievance for further investigation. *Varner, ¶18.*

13. If an inmate is dissatisfied with the response of the Facility Manager, he may then file an appeal to the SOIGA. *Varner, ¶19.*

14. The SOIGA reviews the original grievance and the Initial Review Response, the appeal to the Facility Manager and the response, along with the appeal to final review and any exhibits the inmate may have submitted and issues a decision. *Varner, ¶¶20-21.*

15. The SOIGA maintains a complete record of all appeals of grievances submitted to its office, along with a complete record of the documentation submitted with the appeals, whether the grievance is addressed on the merits or rejected for procedural deficiencies. *Varner, ¶4.*

16. Ms. Dixon is a high school graduate who has taken some college courses. *Dixon*[2], 11:5-10.

17. Ms. Dixon first came into the custody of the Pennsylvania Department of Corrections and SCI Muncy in 2011. *Dixon,* 25:14-18, 26:11-13.

18. Upon arrival at SCI Muncy, Ms. Dixon was provided with an inmate handbook. *Dixon*, 43:20-44:1.

19. After arriving at SCI Muncy in 2011, Ms. Dixon also read DC-ADM 804. *Dixon, 174:6-14.*

---

[2] "Dixon" refers to the transcript of Plaintiff's deposition taken on April 18, 2019, a true and correct copy of which is attached hereto as *Exhibit B*.

20. During her first incarceration at SCI Muncy, Ms. Dixon was assigned to work in the central kitchen, which included working with the dishwasher. *Dixon*, 27:9-17.

21. Part of Ms. Dixon's duties on the dishwasher included cleaning out the buckets located inside the dishwasher's middle door. *Dixon*, 33:15-35:5.

22. The middle door of the dishwasher opens by sliding it in an upward position and there is a hook that holds the door open. *Dixon,* 31:19-32:16.

23. The hook was present on the door during Ms. Dixon's incarcerations. *Dixon,* 38:21-22.

24. During her first incarceration, Ms. Dixon did not file any grievances regarding the condition of the dishwasher. *Dixon,* 42:15-18. *See also, Varner,* ¶26.

25. During her first incarceration, Ms. Dixon did not file any grievances complaining that she was working in a dangerous environment. *Dixon,* 42:23-43:1. *See also, Varner,* ¶25.

26. Ms. Dixon is also not aware of any inmate being injured because of the dishwasher's condition during her first incarceration. *Dixon,* 42:7-14.

27. Ms. Dixon was released from her first incarceration on December 23, 2013. *Dixon,* 26:20-27:2.

28. Ms. Dixon returned to SCI Muncy for a second incarceration on or about July 7, 2015. *Dixon,* 45:9-21.

29. Upon returning to SCI Muncy in 2015, Ms. Dixon was, once again, given a copy of the inmate handbook. *Dixon,* 51:22-25.

30. At her request, Ms. Dixon was again assigned to work in SCI Muncy's central kitchen in 2015.  *Dixon,* 49:14-20.

31. In 2015, Ms. Dixon had the same duties in the central kitchen was she had during her first incarceration, including working on the dishwasher.  *Dixon,* 49:21-24, 59:22-24, 60:1-4.

32. The same dishwasher was present in SCI Muncy's central kitchen in 2015 as was present during Ms. Dixon's first incarceration.  *Dixon, 30:8-13.*

33. In 2015, the dishwasher in the SCI Muncy central kitchen was in the same condition as it was during Plaintiff's first incarceration.  *Dixon,* 60:6-9.

34. Ms. Dixon alleges she was injured while cleaning the dishwasher on October 6, 2015.  *Dixon,* 60:20-22.

35. On October 6, 2015, Plaintiff was in the process of removing a bucket from the dishwasher with her right hand when she pushed her body weight against the outside of the machine using her left hand.  *Dixon,* 72:17-74:13, 79:21-83:20.

36. The dishwasher door closed on Plaintiff's arm.  *Dixon,* 84:6-24.

37. Ms. Dixon was able to slide the door open with her left hand to free her arm. *Dixon*, 84:6-24.

6

38. Ms. Dixon did not file a grievance within 15-days of her injury. *Varner, ¶23.*

39. Ms. Dixon never filed a grievance against Defendant Smith. *Dixon, 148:7-9. See also, Varner, ¶27.*

40. Ms. Dixon never filed a grievance against Defendant Franz. *Dixon, 149:14-16. See also, Varner, ¶27.*

41. Ms. Dixon never filed a grievance against Defendant Nicholas. *Dixon, 150:7-9. See also, Varner, ¶27.*

42. Ms. Dixon never filed a grievance against Defendant Lowe. *Dixon, 153:13-17. See also, Varner, ¶27.*

43. Ms. Dixon never filed a grievance against Defendant Minnig. *Dixon, 155:5-7. See also, Varner, ¶27.*

44. Ms. Dixon never filed a grievance against Defendant Wetzel. *Dixon, 156:8-10. See also, Varner, ¶27.*

45. Ms. Dixon never filed a grievance against Defendant Oppman. *Dixon, 157:1-3. See also, Varner, ¶27.*

46. Ms. Dixon never filed a grievance against Defendant Schaeffer. *Dixon, 159:12-14. See also, Varner, ¶27.*

47. Ms. Dixon never filed a grievance against Defendant Anthony. *Dixon, 162:4-6. See also, Varner, ¶27.*

48. Ms. Dixon never filed a grievance against Defendant Young. *Dixon,* 163:3-5. *See also, Varner, ¶27.*

49. Ms. Dixon never filed a grievance against Defendant Blair-Morrison. *Dixon,* 163:22-24. *See also, Varner, ¶27.*

50. Ms. Dixon never filed a grievance regarding the need to fix the dishwasher door. *Dixon,* 155:14-17. *See also, Varner, ¶26.*

51. Ms. Dixon never filed a grievance about the central kitchen supervisors or staff. *Dixon,* 177:1-4.

52. The first grievance filed by Ms. Dixon was received on January 6, 2016. *Varner, ¶24.*

                           **Respectfully submitted,**

                           **JOSH SHAPIRO**

                           **Attorney General**

                     By: *s/ Karen M. Romano*

**Office of Attorney General**      **KAREN M. ROMANO**
**15th Floor, Strawberry Square**  **Acting Chief Deputy Attorney General**
**Harrisburg, PA 17120**          **Litigation Section**
**Phone: (717) 787-2717**         **Attorney ID 88848**
**kromano@attorneygeneral.gov**

**Date:  July 29, 2019**            *Counsel for Commonwealth Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE DIXON,** | : | No. 3:17-CV-1827 |
| Plaintiff | : | |
| | : | Judge Mariani |
| v. | : | Magistrate Judge Schwab |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 10/05/17* |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Acting Chief Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 29, 2019, I caused to be served a true and correct copy of the foregoing document titled Statement of Material Facts to the following:

**Jennifer J. Tobin, Esquire**
**Tobin Law Office, LLC**
**702 North 3rd Street, #71**
**Philadelphia, PA  19123**
*Counsel for Plaintiff*

**Paula A. Koczan, Esquire**
**Michael C. Hamilton, Esquire**
**Weber Gallagher**
**4 PPG Place, 5th Floor**
**Pittsburgh, PA 15222**
*Counsel for Defendants Rishel and Correct Care Solutions, LLC*

s/ *Karen M. Romano*
**KAREN M. ROMANO**
**Acting Chief Deputy Attorney General**