# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE DIXON,** | : | No. 3:17-CV-1827 |
| Plaintiff | : | |
| | : | **Judge Mariani** |
| v. | : | **Magistrate Judge Schwab** |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, JOHN E. WETZEL, ROBERT SMITH, W FRANTZ, WENDY NICHOLAS, GARY LOWE, MR. MINNIG, MR. SCHAEFFER, ITW FOOD EQUIPMENT GROUP, LLC, MS. ANTHONY, TAMMY RISHEL, MS. YOUNG, LESLIE BLAIR-MORRISON, CYNTHIA FREELAND, CORRECT CARE SOLUTIONS, LLC,** *and* **CHRISTOPHER OPPMAN** | : : : : : : : : : : : | **Electronically Filed Document**  *Complaint Filed 10/05/17* |
| Defendants | : | |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS ANTHONY, BLAIR-MORRISON, FRANTZ, LOWE, MINNIG, NICHOLAS, OPPMAN, SCHAEFFER, SMITH, WETZEL, YOUNG and THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS**

## PROCEDURAL HISTORY

Plaintiff initiated this action on October 5, 2017. *Doc. 1.* Regarding the Commonwealth Defendants, the original complaint named Defendants Anthony, Blair-Morrison, Frantz, Minnig, Oppman, Schaeffer, Smith, Wetzel, Young, and the Pennsylvania Department of Corrections. On February 28, 2018, Plaintiff filed an Amended Complaint naming Defendants Nicholas and Lowe. *Doc. 28.* Defendants

Anthony, Blair-Morrison, Frantz, Minning, Oppman, Schaeffer, Smith, Wetzel, Young and the Pennsylvania Department of Corrections ("Commonwealth Defendants") filed a Motion to Dismiss the Amended Complaint on April 30, 2018, *Doc. 42;* however, after discussion with the Court, the Commonwealth Defendants consented to the dismissal of the motion, without prejudice to their right to raise the issues in a subsequent Motion for Summary Judgment. *Doc. 65.* Commonwealth Defendants filed an answer to the Amended Complaint, with leave of court, on February 11, 2019. *Doc. 73. See also, Doc. 77.*

The parties have exchanged written discovery and Defendants have taken the deposition of Plaintiff. On April 25, 2019, the parties advised the Court that they intend to raise failure to exhaust administrative remedies as an affirmative defense in this action. *Doc. 82.* The Court subsequently issued an Order staying all discovery deadlines and setting a July 31, 2019, deadline for the filing of dispositive motions on the issue of exhaustion. *Doc. 85.* Commonwealth Defendants are filing a Motion for Summary Judgment and Statement of Material Facts with exhibits contemporaneous with this brief in support thereof.

## STATEMENT OF FACTS

Ms. Dixon is a high school graduate who has taken some college courses. *SMF, ¶16.* She first came into the custody of the Pennsylvania Department of Corrections and SCI Muncy in 2011 and was not released until December 23, 2013.

*SMF, ¶¶17, 27.* Upon arrival at SCI Muncy she was provided with an inmate handbook. *SMF, ¶18.* She also read DC ADM 804 after her arrival at SCI Muncy. *SMF, ¶19.*

During this first incarceration, Ms. Dixon was assigned to work in the central kitchen, which included working with the dishwasher. *SMF, ¶20.* Part of her duties included cleaning out the buckets located inside the dishwasher's middle door. *SMF, ¶21.* The door opens by sliding it in an upward position and there is a hook that holds the door open. *SMF, ¶22.* Ms. Dixon maintains that the hook was not functional and did not fully "catch" yet she concedes it was present on the door[1]. *SMF, ¶23. See also, Dixon,* 32:18-33:8, 38:8-12. She also maintains that the frame of the door was dented so inmates used a screwdriver to help open the door. *Dixon,* 39:8-40:24. Ms. Dixon did not file any grievances regarding the condition of the dishwasher, the need for inmates to use a screwdriver to open the door, or that she was working in a dangerous environment during her first incarceration. *SMF, ¶¶24-25. See also, Dixon,* 42:19-22. She is also not aware of any inmate being injured because of the dishwasher's condition during this incarceration. *SMF, ¶26.*

Ms. Dixon returned to SCI Muncy on or about July 7, 2015. *SMF, ¶28.* She was, once again, given a copy of the inmate handbook. *SMF, ¶29.* At her request, she was again assigned to work in the central kitchen. *SMF, ¶30.* She had the same

---

[1] Commonwealth Defendants refute the allegation that the dishwasher door did not function properly but accept these allegations as true for the purposes of this motion.

duties as during her first incarceration. *SMF, ¶31*. Further, the same dishwasher was present in 2015 as was present during Ms. Dixon's first incarceration and it was in the same condition. *SMF, ¶¶32-33*.

Ms. Dixon alleges she was injured while cleaning the dishwasher on October 6, 2015. *SMF, ¶34*. While cleaning the dishwasher, she was in the process of removing a bucket with her right hand as she pushed her body weight against the outside of the machine using her left hand. *SMF, ¶35*. As she was doing this, the door closed on her arm. *SMF, ¶36*. She was able to slide the door open with her left hand to free her arm. *SMF, ¶37*.

Ms. Dixon did not file any grievances within 15-days of her injury. *SMF, ¶38*. Further, Ms. Dixon never filed a grievance regarding any of the Commonwealth Defendants. *SMF, ¶¶39-49*. Additionally, she never filed a grievance regarding the need to fix the dishwasher door (*SMF, ¶50*) or the central kitchen supervisors or staff (*SMF, ¶51*). The first grievance filed by Ms. Dixon was received on January 6, 2016. *SMF, ¶52*.

## **QUESTIONS PRESENTED**

I. **MUST PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED BECAUSE SHE FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES?**

   *Suggested Response:*     Yes

## ARGUMENT

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F.Supp.2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F.Supp.2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. In the words of the Third Circuit, "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006); *accord Celotex Corp.*, 477 U.S. at 324. If the nonmoving party "fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. *Anderson*, 477 U.S. at 249.

Rule 56 specifically provides that the moving party may establish the absence of a dispute of fact by showing that "an adverse party cannot produce admissible evidence to support the fact." Indeed, to defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Podohnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005) (stating party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue").

Here, the undisputed facts in the record demonstrate that there is no genuine issue of material fact with respect to whether Plaintiff exhausted her administrative remedies; therefore, summary judgment must be granted in favor of the DOC Defendants.

I. **Plaintiff Has Failed to Exhaust her Administrative Remedies**

A prisoner may not bring a lawsuit based upon unconstitutional prison conditions unless she first exhausts available administrative remedies. 42 U.S.C. §

1997e(a); *Nyhuis v. Reno*, 204 F.3d 65, 68 (3d Cir. 2000) ("[Section] 1997e(a) applies equally to §1983 actions and to Bivens actions."). Claims that have not been properly exhausted are procedurally defaulted. *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004). "[T]he determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." *Id*. Accordingly, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). *See also Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002) ("[t]o exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim .... these include time limits.").

"[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to [her]." *Rinaldi v. United States,* 904 F.3d 257, 268 (3d Cir. 2018)

(*citing Tuckel v. Grover,* 660 F.2d 1249, 1253-54 (10th Cir. 2011)). Courts have defined "available" as "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." *Ross v. Blake,* 136 S. Ct. 1850, 1858-59 (2016), *quoting Booth v. Churner*, 531 U.S. 731, 737-38 (2001). The third circuit has identified only three circumstances in which administrative remedies may not be available to a prisoner:

> (1) when it operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) when it is so opaque that it becomes, practically speaking, incapable of use, such as when no ordinary prisoner can discern or navigate it; or (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Rinaldi,* 904 F.3d at 257.

The Department of Corrections (DOC) has published DC-ADM 804 to govern the procedures related to inmate grievances. *SMF ¶¶1-2*. Pursuant to this policy, an inmate who is personally affected by a policy of the DOC or the action of a DOC employee, is to file a written grievance to the Facility Grievance Coordinator within 15-working days after the event upon which the grievance is based. *SMF ¶6-7*. The grievance must include a statement of the facts relevant to the claim including the date and approximate time and location of the event(s) giving rise to the grievance; the identity of any individuals who were directly involved in the event(s); any claims the inmate wishes to make concerning violations of DOC directives, regulations,

8

court orders, or other law; and any compensation or legal relief desired. *SMF ¶8*. If the inmate is unhappy with the initial response, she may appeal the decision to the Facility Manager. *SMF ¶¶11-12*. From there, she may appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA) for a final review. *SMF ¶13*. Unless an inmate has filed a grievance with respect to an issue and appealed any denial to the SOIGA for a final review, she has failed to exhaust her administrative remedies thereby procedurally defaulting her claims. Such is the case here.

Plaintiff began working with the allegedly dangerous dishwasher as early as 2012. *SMF, ¶20*. Upon her return to SCI Muncy in July 2015, she again returned to working with the same dishwasher, which remained in the same condition. *SMF, ¶¶28, 30-33*. Plaintiff did not file a single grievance regarding the condition of the dishwasher or the fact that she was required to work with it. *SMF, ¶¶24-25, 50-51*. She likewise did not file a grievance within the required 15-day time frame following her injury on October 6, 2015. *SMF, ¶38*. Rather, she waited until January 6, 2016, to submit a grievance, which related to her disagreement with the medical care she received. *SMF, ¶52*. *See also, Exhibit A, Attachment 2*. She did not appeal a single grievance to final review through SOIGA prior to 2017 and never filed a grievance against any of the Commonwealth Defendants. *SMF, ¶¶39-49. See also, Exhibit A, Attachment 2*. Accordingly, Plaintiff has failed to exhaust her administrative remedies with respect to the claims pending against the Commonwealth Defendants.

Moreover, there is no evidence that the prison's administrative remedies were unavailable to Plaintiff. Accordingly, her claims must be dismissed.

There is no evidence in the record that SCI Muncy's grievance system operates as a dead end. Likewise, there is no evidence that the procedures set forth in DC ADM 804 are so opaque that "no ordinary prisoner can discern or navigate it." Finally, there is no evidence that Plaintiff was thwarted by prison administration in her efforts to use the grievance system. Plaintiff's own testimony establishes that she simply did not know the procedure to follow to file a grievance—despite having it readily available to her by reviewing her inmate handbook or DC ADM 804—and she did not bother to find out the proper procedures. *Dixon, 192:17-193:15*. Indeed, contrary to any claim Plaintiff may raise to the contrary, the documentary evidence demonstrates that when Plaintiff failed to properly follow the prison's grievance procedure, DOC employees explained to Plaintiff what she was doing wrong and how she could correct it. *Dixon, Exhibit 1,* DEF.DOC000246, DEF.DOC000245; *Dixon, Exhibit 2*, DEF.DOC000252, DEF.DOC000251; *Dixon, Exhibit 6,* DEF.DOC000250. Despite the corrective instruction, Ms. Dixon still failed to follow the DOC's grievance procedure to properly exhaust her administrative remedies with respect to any Commonwealth Defendant, therefore, she has procedurally defaulted her claims. As a result, her Amended Complaint must be dismissed with prejudice.

                                        **Respectfully submitted,**

                                        **JOSH SHAPIRO**
                                        **Attorney General**

                                    **By:** *s/ Karen M. Romano*

**Office of Attorney General**          **KAREN M. ROMANO**
**15th Floor, Strawberry Square**    **Acting Chief Deputy Attorney General**
**Harrisburg, PA 17120**              **Litigation Section**
**Phone: (717) 787-2717**            **Attorney ID 88848**
**kromano@attorneygeneral.gov**

                                        *Counsel for Commonwealth Defendants*

**Date:  July 29, 2019**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENISE DIXON,** | : | No. 3:17-CV-1827 |
| Plaintiff | : | |
| | : | Judge Mariani |
| v. | : | Magistrate Judge Schwab |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al.,** | : | Electronically Filed Document |
| | : | |
| | : | *Complaint Filed 10/05/17* |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Karen M. Romano, Acting Chief Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on July 29, 2019, I caused to be served a true and correct copy of the foregoing document titled Motion for Summary Judgment to the following:

**Jennifer J. Tobin, Esquire**
**Tobin Law Office, LLC**
**702 North 3rd Street, #71**
**Philadelphia, PA 19123**
*Counsel for Plaintiff*

**Paula A. Koczan, Esquire**
**Michael C. Hamilton, Esquire**
**Weber Gallagher**
**4 PPG Place, 5th Floor**
**Pittsburgh, PA 15222**
*Counsel for Defendants Rishel and Correct Care Solutions, LLC*

s/ *Karen M. Romano*
**KAREN M. ROMANO**
**Acting Chief Deputy Attorney General**